**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-00290-2343-REB-CBS

VALERIE ARNOLD,

    Plaintiff,

v.

CITY OF DENVER, COUNTY OF DENVER,

    Defendant.

---

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

---

    Defendant the City and County of Denver ("the City"), through counsel, Assistant City Attorney Kristen A. Merrick, and pro se Plaintiff Valerie K. Arnold have stipulated to the need for this Court to enter a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and therefore, the Court orders as follows:

    1.    In this action, the Parties anticipate the need to use or discuss certain Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The disclosure of such information outside the scope of this litigation could result in significant injury to one of more of the Parties' business or privacy interests.

    2.    "Confidential Information" means any document, file, portions of files, electronic data, audio, video, transcribed testimony, or response to a discovery request,

including any extract, abstract, chart, summary, note, or copy made therefrom – not available to the public and implicating a business or privacy interest – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information including, but not limited to: the Office of the Independent Monitor's ("OIM") confidential internal documents which may include but are not limited to Denver Police Department ("DPD") and Denver Sheriff Department ("DSD") internal affairs investigations into alleged misconduct by officer or deputies and/or critical incidents (including in-custody deaths, officer-involved shootings, uses of force resulting in death or serious bodily injury); communications by and between OIM, DPD, DSD, the Citizens Oversight Board ("COB"), and/or the Denver City Attorney's Office as part of the OIM's oversight responsibilities which may be subject to legally recognized privileges including the attorney-client privilege and deliberative process privilege; and discipline of DPD and DSD personnel; personal information relating to third parties including legally protected information relating to juveniles and victims of crimes; individual tax returns; and other documents that implicate a business or privacy interest. (The foregoing definition of Confidential Information is for purposes of this Protective Order only.  This definition may not be used by either Party for purposes of arguing in favor or defending against allegations that a Party violated City rules or otherwise acted inappropriately by retaining certain documents.)

3.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a.    By stamping or writing the word "Confidential" on each page or document produced which contains Confidential Information;

    b.    By identifying material in a discovery response as "Confidential";

    c.    With respect to transcribed testimony, by giving written notice to the opposing party or pro se Plaintiff, designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed. Notwithstanding this provision, if a person being deposed refuses to sign the affidavit, the Party taking the deposition may still show that person a document that has been marked as Confidential Information so long as substantive information from the document is not discussed. If substantive information from the document is discussed, that portion of the deposition must be marked as Confidential Information subject to this Protective Order.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information verbally, in writing, electronically, or otherwise, to any other person, entity or government agency unless authorized to do so by court order.

6.      If pro se Plaintiff or opposing counsel discloses Confidential Information, she shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel or pro se Plaintiff may, upon court order or agreement of the Parties, inspect the list maintained by opposing counsel or pro se Plaintiff pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel or pro se Plaintiff are unable to otherwise identify the source of the disclosure.  If a Party disagrees with the other Party's showing of substantial need, then a Party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel or pro se Plaintiff in this litigation for work product purposes, including for review by experts in this case, for the attachment of copies of confidential documents to motions and submissions to the court by a party in accordance with

D.C.COLO.LCivR 7.2, or for trial exhibits.  Any such copies shall be made and used solely for the purposes of this litigation.

9.     Except as elsewhere provided in this Protective Order, during pendency of this litigation, counsel and pro se Plaintiff shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.    A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, or longer if the parties mutually agree to a longer time to discuss any pending dispute, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within twenty (20) business days after the notice is received.  If requested, the party objecting to the confidential designation may grant the designating party additional time to try to resolve the dispute before a motion needs to be filed with the Court.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of

establishing that good cause exists for the disputed information to be treated as confidential.

11.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.  In the event the Parties use any documents marked pursuant to the terms of this Protective Order as Confidential Information during the trial, the Party must remove or redact any markings of "Confidential" before such documents are shown to or given to any jurors.

12.     The termination of this action shall not relieve counsel or any Party or any other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13.     By agreeing to entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this litigation.

14.     Upon termination of this litigation, including any appeals, any Party in possession of Confidential Information will retrieve and return, within thirty (30) days, all such confidential documents and copies to the designating party.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the

Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. Nothing in this Protective Order shall relieve any party of its obligation under Fed.R.Civ.P. 26(b)(5) to prepare and provide a privilege log.

Dated this ~~28th~~ 29th day of July, 2014.

**BY THE COURT:**

_____
The Honorable Craig B. Shaffer
United States District Court Judge

**STIPULATED AND AGREED TO:**

By: */s/ Valerie K. Arnold*

Valerie K. Arnold
1413 Clementine Court
Ft. Collins, CO 80526
Telephone: (970) 984-8059
E-mail: valeriekarnold@hotmail.com
*Pro Se Plaintiff*


By: */s/ Kristen A. Merrick*

Kristen A. Merrick
Assistant City Attorney
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO  80202-5332
Telephone:  720-913-3100
Fax: 720-913-3190
E-mail: dlefiling.litigation@denvergov.org
*Attorney for Defendant*

**AFFIDAVIT**

**STATE OF COLORADO** )
                                            ) ss
**COUNTY OF**  )

_____ swears or affirms and states under penalty of perjury:

      1.     I have read the Protective Order in the matter of *Valerie Arnold v. City and County of Denver*, No. 14-cv-00290-2343-REB-CBS, a copy of which is attached to this Affidavit.

      2.     I have been informed by _____, Esq., counsel/pro se Plaintiff (circle one) that the categories of documents described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.     I promise that I have not divulged and will not divulge, or undertake to divulge, orally, in writing, electronically, or otherwise, any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

      4.     For purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.     I will abide by the terms of the Protective Order.

_____
(Signature)                                         (Address)

_____
(Print or Type Name)

      Telephone No.: (\_\_\_\_\_) _____

      ***SUBSCRIBED AND SWORN*** to before me this _____day of _____, 20\_\_\_ by _____.

WITNESS my hand and official seal.

      [SEAL]

                                                                _____
                                                                Notary Public

My commission expires: _____