**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00290-REB-CBS

VALERIE ARNOLD,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER GRANTING MOTION *IN LIMINE*

**Blackburn, J.**

This matter is before me on the **Defendant's Motion *In Limine* To Exclude Evidence of EEOC Investigation or Determination** [#118][1] filed January 5, 2015. The plaintiff filed a response [#129], and the defendant filed a reply [#133]. I grant the motion.

In her complaint [#1], the plaintiff, Valerie Arnold, asserts claims of sex discrimination and retaliation against her former employer, The City and County of Denver. Before filing this case, Ms. Arnold filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC investigated and then issued a Determination [#118-1]. In the Determination, the EEOC found "that there is reasonable cause to believe that there is a violation of Title VII in that the Respondent did retaliate against" Ms. Arnold. *Determination* [#118-1], p. 1. The EEOC made no finding on Ms.

---

[1] "[#118]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Arnold's charge of sex discrimination. *Id.*  In its motion, the defendant seeks an order excluding from evidence any evidence of the "EEOC's investigation and determination of the Plaintiff's claims . . . ." *Motion* [#118], p. 6.

Without question, the Determination [#118-1] of the EEOC must be excluded from evidence. In the Determination, the EEOC purports to have examined evidence supporting the claims of the plaintiff, but does not summarize, describe, or discuss that evidence. The EEOC applies a "reasonable cause to believe" standard of review and concludes that there is "reasonable cause to believe" that the defendant retaliated against the plaintiff. *Determination* [#118-1], p. 1. In the trial of this case, the jury will apply a different standard of proof, i.e., proof by a preponderance of evidence. The jury likely will be presented with some or all of the evidence presented to the EEOC and likely will be presented with additional evidence.

The findings and conclusions of one trier of fact in a non-judicial administrative proceeding do not bind and must not be allowed to direct or influence the findings and conclusions that must be made by the trier of fact in this very different public, judicial proceeding with different procedures, somewhat different issues, and a different standard of proof. To permit otherwise would, *inter alia*, invite the jury in this trial impermissibly to abrogate its sworn duty to decide the issues based on the evidence and law presented during the trial of this case and to, instead, impermissibly adopt the decisions of another trier of fact applying a different standard of proof. Admission of the EEOC Determination in this case would invite the jury to improperly supplant and substitute its judgment with that of the EEOC. These circumstances, if allowed to develop, would impinge the right to a trial by jury under the Seventh Amendment.

In addition, I find that the Determination of the EEOC should be excluded under

Fed. R. Evid. 403.  The Determination applies a standard of proof different than that applicable in this case based on evidence unspecified.  Any probativity of those findings and conclusions is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time. *See also* Fed. R. Evid. 611(a)(2).  In addition, the Determination likely will be unfairly prejudicial because consideration of the Determination would invite the jury impermissibly to abrogate its sworn duty to decide the issues based on the evidence and law presented during the trial of this case and to, instead, impermissibly adopt the decisions of another trier of fact applying a different standard of proof.

The defendant asks also that I preclude the admission of evidence of the investigation conducted by EEOC.  For the same reasons discussed above, evidence showing the existence, substance, or result of the EEOC investigation is inadmissible.[2]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendant's Motion *In Limine* To Exclude Evidence of EEOC Investigation or Determination** [#118] filed January 5, 2015, is **GRANTED**;

2.  That the EEOC Determination in [#118-1], is **EXCLUDED** from evidence; and

3.  That evidence showing the existence, substance, or result of the EEOC investigation is **EXCLUDED** from evidence.

Dated February 4, 2015, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Conceivably, evidence used in the EEOC investigation could be relevant and otherwise admissible in this case if that evidence differs from or contradicts evidence presented at trial.  However, nothing in the record of this case to date shows there is any such difference or contradiction.