**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00290-REB-CBS

VALERIE ARNOLD,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## ORDER CONCERNING MOTION *IN LIMINE*

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion *In Limine* Regarding Kristen Merrick as a Necessary** Witness [#134][1] filed January 28, 2015.[2] The defendant filed a response [#137], and the plaintiff filed a reply [#147]. I deny the motion.

In her complaint [#1], the plaintiff, Valerie Arnold, asserts claims of sex discrimination and retaliation against her former employer, The City and County of Denver. Ms. Arnold began working for the defendant in the Office of the Independent Monitor (OIM) on August 31, 2007. Her employment was terminated in January 2011. Primarily, it is during this time period that Ms. Arnold contends she suffered sex discrimination and retaliation.

---

[1] "[#134]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although the plaintiff captioned her motion as a motion *in limine*, she argues in her motion that she should be permitted to admit certain evidence at trial.

Ms. Arnold contends that she should be permitted to call Kristen Merrick as a witness at trial. Ms. Merrick is one of two attorneys representing the defendant in this case. Ms. Merrick intends to represent the defendant at trial.

In the view of Ms. Arnold, the testimony of Ms. Merrick is needed

> regarding (Ms. Merrick's) knowledge of and actions surrounding a document allegedly sent to the OIM by an unknown person or persons that Ms. Merrick used as a basis to subpoena Plaintiff's personal email account after Ms. Merrick 1) accused Plaintiff of authoring the document and 2) altered said document by attaching Plaintiff's initials to it.

*Motion*, pp. 1-2. The Document [#137-1] is titled "The Narcissist in the Workplace: Tips for Working with a Narcissist/Gregg Crittenden." Gregg Crittenden was employed by the OIM at the same time Ms. Arnold was. According to Ms. Arnold, Mr. Crittenden received favorable treatment from the defendant because he is male. Ms. Arnold contends she knew nothing about the Document when it was sent to the OIM.

In response, the defendant describes the circumstances under which four employees of the City of Denver received the Document by mail on or about October 3, 2014. The return address on each of the envelopes used to mail the Document was a fictitious corporation using a fictitious address. On the ground the address is actually a surface parking lot one block from the Denver City and County Building. After the four employees received the document, Ms. Merrick e-mailed Ms. Arnold to confirm that Ms. Arnold had authored the Document. Ms. Arnold denied creating the Document and asked Ms. Merrick to send her a copy of the Document. Ms. Merrick scanned the Document and saved it to her computer with the file name "VA Narcissist Article." Ms. Merrick then e-mailed a copy of the scanned Document to Ms. Arnold. Apparently, this file name is the source of the contention of Ms. Arnold that Ms. Merrick "altered said document by attaching Plaintiff's initial to it." *Motion*, p. 2.

Ms. Merrick says she then traced the content of a Document to a blog. To determine whether Ms. Arnold authored the blog, the defendant obtained a subpoena to obtain information related to the IP address used by Ms. Arnold. However, the subpoena was not enforced.

Ms. Arnold contends the document and the testimony of Ms. Merrick about the document are relevant to her claims because this evidence will help to show "the City's knowledge of and actions concerning its discrimination and retaliation against Plaintiff." *Motion*, p. 3. In addition, she argues this evidence is relevant to prove "the City's ongoing retaliation against Plaintiff and continued cover up of the unlawful behavior (Ms. Arnold) endured as a Deputy Monitor" employed by the City. *Motion*, p. 3. If the document was not authored by Ms. Merrick, Ms. Arnold contends, then the document indicates that there is a witness who encountered discrimination and retaliation similar to that allegedly suffered by Ms. Arnold. Apparently, Ms. Arnold contends that testimony from such a witness would be admissible at trial.

Neither in the complaint [#1] nor in the **Final Pretrial Order** [#132] does Ms. Arnold assert any factual allegations or claims related in any way to the Document, its receipt by employees of the defendant, or Ms. Merrick's actions in response to the documents. The Document was received by employees of the defendant on October 3, 2014, more than three and one-half years after the employment of Ms. Arnold was terminated. In this context, the Document and the actions of Ms. Merrick in reaction to the document are not relevant to any of the claims of Ms. Arnold as stated and defined by Ms. Arnold in the **Final Pretrial Order** [#132] and, initially, in the complaint [#1]. Under Fed. R. Evid. 401 and 402, this evidence is not admissible.

Even if the Document and related events could be seen as somehow obliquely

3

relevant to the claims of Ms. Arnold, the Document and related events still would not be admissible. Considering the nature of the claims of Ms. Arnold, as defined by Ms. Arnold, the probative value of the Document and related events is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, and waste of time. Thus, under Fed. R. Evid. 403, the Document and evidence of related events are not admissible in evidence.

**THEREFORE, IT IS ORDERED** as follows:

1. That the relief requested in the **Plaintiff's Motion *In Limine* Regarding Kristen Merrick as a Necessary** Witness [#134] filed January 28, 2015, is **DENIED**;

2. That the document titled "The Narcissist in the Workplace: Tips for Working with a Narcissist/Gregg Crittenden" as shown in the record at [#137-1] is **EXCLUDED** from evidence; and

3. That the request of the plaintiff to call Kristen Merrick as a witness at trial is **DENIED**.

Dated February 4, 2015, at Denver, Colorado.

                                              **BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge