**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00290-REB-CBS

VALERIE ARNOLD,

    Plaintiff,

v.

CITY OF DENVER, COUNTY OF DENVER,

    Defendant.

**ORDER DENYING MOTION TO REVIEW AWARD OF COSTS**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Court To Review Clerk's Assessment of Costs** [#170][1] filed March 23, 2015. The defendant filed a response [#171] and the plaintiff filed a reply [#172]. I deny the motion.

Allowable costs are delineated in 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even when costs are allowed by statute, the prevailing party still must demonstrate that the

---

[1] "[#170]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

amount requested is reasonable. *See U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

Within the limits of § 1920, costs may be awarded for items and services necessarily obtained for use in the case. "(A)ll § 1920 requires is that the generation of taxable materials be reasonably necessary for use in the case at the time the expenses were incurred." *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) (internal quotation and citation omitted). "The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." *U.S. Industries, Inc*., 854 F.2d at 1246. On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs, either. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]t would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.") (quoting *Callicrate v. Farmland Industries, Inc*., 139 F.3d 1336, 1341 (10th Cir. 1998)). Similarly, actual use at trial is not required to show that a cost may be awarded under § 1920.

The clerk of the court awarded to the defendant, as a prevailing party in this case, costs in the amount of 3,039.57 dollars. *Bill of Costs* [#169]. The plaintiff, Valerie Arnold, challenges four categories of costs awarded by the clerk: (1) the award of costs for taking the deposition of the plaintiff, 1,294.75 dollars; (2) the transcription of an audio recording of a meeting between the plaintiff and her supervisor concerning the job

performance of the plaintiff, 286 dollars; (3) copying costs for exhibits used at trial, 497.08 dollars; and (4) witness fees for witness Richard Rosenthal, 921.74 dollars.

I conducted the trial of this case and thus familiar with the claims asserted by Ms. Arnold, the history of this case, and the evidence presented at trial. As described in detail by the defendant in its response [#171], all of the costs challenged by the plaintiff were reasonably necessary for use in this case at the time the expenses were incurred. Further, the amounts incurred for the costs in question are reasonable. All of the costs awarded by the clerk of the court were awarded properly under § 1920.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion for Court To Review Clerk's Assessment of Costs** [#170] filed March 23, 2015, is denied.

Dated March 25, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge